**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 24, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANA WASHBURN; DAVID
WASHBURN,

     Plaintiffs-Appellants,

  v.

SANTA FE TOW; DOUG WOOD,
individually and as Special Agent for
the State of New Mexico; NEW
MEXICO MOTOR VEHICLE
DEPARTMENT; STATE OF NEW
MEXICO,

     Defendants-Appellees,

ARMANDO BELTRAN, doing
business as Santa Fe Tow, a sole
proprietorship,

     Defendant-Cross-Claimant-
     Appellee,

  v.

MVD SPECIALISTS, INC.,
individually and as agent for the
State of New Mexico,

     Defendant-Cross-Defendant-
     Appellee.

No. 05-2074
(D.C. No. CIV-04-807-MCA/RHS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HENRY, McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs/appellants Ana and David Washburn, appearing pro se, appeal from an order denying their motion for remand of their case to state court. Our jurisdiction arises under 28 U.S.C. § 1291. Because we conclude that the district court did not err in refusing to grant an untimely motion for remand that was based solely on alleged procedural defects, we affirm.

## I.

The Washburns originally brought suit in state court for state-law claims and for violation of their constitutional rights. They alleged that defendants Armando Beltran, Santa Fe Tow, and MVD Specialists, Inc. conspired to "wash" the title to, and illegally sold, their motorcycle after Beltran and Santa Fe Tow

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

towed it away from an accident site. Defendants timely removed the case to federal court where, after giving the Washburns several extensions of time in which to amend their complaint, the district court dismissed the entire case. The Washburns do not appeal from the district court's rulings in its final order dismissing without prejudice their claims against defendants Beltran, Santa Fe Tow, and MVD Specialists, and dismissing with prejudice their claims against the State of New Mexico and Doug Wood. Rather, they challenge only the district court's order denying their request to remand the case to state court.

## II.

We must first address the State's surprising and erroneous assertion that we must dismiss this appeal because "[m]otions to remand for defects in removal procedure generally are not reviewable on appeal or otherwise under 28 U.S.C. § 1447(d)," and its reliance for such a statement on *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76 (1996). Aple. Br. at 7. Section 1447(d) provides,

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

The section expressly prohibits review only of orders remanding a case to state court that do not involve civil rights actions. *See Caterpillar Inc.*, 519 U.S. at 76. "Congress did not similarly exclude appellate review of refusals to remand." *Id.*

As mentioned above, the order we are asked to review is not one remanding this civil rights case to state court; the district court denied the motion to remand. We therefore deny the State's request to dismiss the appeal.

**III**.

Reading the Washburns' appeal brief liberally, it appears that they raise three issues. First, they assert that the district court erred in refusing to remand their suit to state court because the defendants allegedly failed "to prepay filing fee to duly file 'notice of removal.'" Aplt. Br. at 3.[1] Second, without specifically stating what procedural defects allegedly exist, they claim that remand was mandatory because the defendants did not "comply with removal procedure." *Id.* Third, they assert that the district court's failure to convene an evidentiary hearing to ascertain compliance with the removal procedures violated their "substantial rights and prejudiced [their] case." *Id.* at 4. They give no details explaining how or why their case was prejudiced by this failure, however. As a remedy, the Washburns request that we order the district court to remand the case to state court solely for a determination of damages against defendants. *See id.*

---

[1]     The Washburns point out that the notice of removal was file-stamped at 3:18 p.m. on July 16, and the receipt for the filing fee is dated July 16 at 3:59 p.m. This evidence conclusively demonstrates that defendants properly paid the fees concurrently with filing their notice of removal. It is not necessary to physically pay the fee before filing the document in order to comply with the rules.

"Because removal is an issue of statutory construction, we review a district court's determination of the propriety of removal de novo." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999) (quotation marks omitted). The district court denied the motion to remand after determining that the Washburns' motion was based solely on alleged procedural defects. The court held that these alleged defects were statutorily waived because the motion had not been made within thirty days of removal. R. Doc. 52 at 5. The federal removal statutes require that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); *see Huffman*, 194 F.3d at 1077 (noting that, "[a] procedural defect, however, does not involve the subject matter jurisdiction of the court and may be waived.").

Citing document nine of the record, the Washburns assert that they did not waive their right to remand because they raised the procedural defects in a filing made within thirty days of the notice of remand. Our review of document nine, however, reveals that the Washburns complained only that defendant Wood appeared to be represented by two counsel of record, R. Doc. 9 at 1-2; and that counsel for one of the defendants stated in a motion that the proper name of one defendant was the "New Mexico Motor Vehicle Division," but identified the same

-5-

defendant as the "New Mexico Motor Vehicle Dept." in the notice of removal, *see id.* at 2.

In their motion for remand, in contrast, the Washburns complained of the following alleged procedural defects: (1) the former counsel for Doug Woods had not been served with a copy of the notice of removal; (2) the wrong state-court case number was included on a page of the filing; (3) a certificate of service may be erroneous; (4) they had received a "nearly *illegible* copy" of the notice of removal, R. Doc. 30 at 2; (5) defendants had failed to include a summons served on defendants MVD Specialists in their filing; (6) a state-court document endorsement may have been altered or tampered with; and (7) there was no "raised seal of the State Court" on the submission of the state-court record, *id.* at 3. We agree with the district court that the Washburns waived the alleged procedural defects and conclude that the court did not err in denying the motion to remand for failure to timely file the motion.

We further conclude that, because plaintiffs waived any alleged procedural defects by not timely filing a motion for remand, the district court did not err in failing to hold an evidentiary hearing.

We deny the Washburn's request for sanctions against counsel for defendants.

The judgment of the district court is AFFIRMED.

-6-

Entered for the Court


Monroe G. McKay
Circuit Judge